

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6690 | **DATE** | 10/22/2002 |
| **CASE TITLE** | Willie Hampton vs. LSX Delivery, L.L.C., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and concluded. Enter Memorandum Opinion and Order. Motion of defendant LSX Delivery for summary judgment on Count I [56-1] is granted. Motion of defendant Evanston Northwestern Healthcare for summary judgment on Count II [50-1] is granted. Judgment entered in favor of defendants and against plaintiff. Count III is dismissed without prejudice for lack of federal jurisdiction. The case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | OCT 2 3 2002 date docketed | |
| | Notified counsel by telephone. | | | 61 |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. Mailed by MD. | | | |
| | Copy to judge/magistrate judge. | | 10/23/2002 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

WILLIE HAMPTON, )
)
      Plaintiff, )
)
vs. ) No. 00 C 6690
) Judge Joan H. Lefkow
LSX DELIVERY, L.L.C. and )
EVANSTON NORTHWESTERN )
HEALTHCARE, )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Willie Hampton ("Hampton"), alleges in Count I of his complaint that LSX Delivery, L.L.C. ("LSX"), discriminated against him because of his race (African-American) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981 ("section 1981"). Hampton alleges in Count II that LSX's client, Evanston Northwestern Healthcare ("ENH"), is liable for "aiding and abetting" LSX in race discrimination in violation of Title VII and section 1981. Hampton alleges in Count III that ENH is liable for tortious interference with his contractual right or expectancy in employment with LSX under state law. Both defendants have moved for summary judgment.[1] This court has jurisdiction

---

[1] Rochon L. Dibble ("Dibble") filed an appearance on behalf of Hampton on May 20, 2002. Both LSX and ENH certify to this court that they served their respective motions on Ms. Dibble. Ms. Dibble has not filed a response to LSX's or ENH's motion for summary judgment or appeared before this court and did not appear at a status hearing held on October 22, 2002. The court, therefore, proceeds to decide LSX's and ENH's motions according to Local Rule 78.3, which provides in pertinent part,

> Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing.

pursuant to 28 U.S.C. §§ 1343, 1367 and 42 U.S.C. §§ 2000e-5(f)(3). For the reasons set forth herein, the court grants both motions.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must apply the summary judgment standard with "added rigor" in employment discrimination cases, where intent is the central issue. *Kralman v. Illinois Dep't of Veterans' Affairs*, 23 F.3d 150, 152 (7th Cir. 1994).

## FACTS STATED IN A LIGHT MOST FAVORABLE TO PLAINTIFF[2]

In May 1999, Hampton began working for LSX as a courier for ENH at ENH's various locations. He was paid $1,445 every two weeks. Another courier, Byron Sherman ("Sherman"), a non-African American, also provided courier services for ENH. He was paid $1,003 every two weeks.[3]

Hampton's separation from employment with LSX occurred on November 1, 1999, after LSX made a decision to assign Hampton an extra stop for ENH Radiology on his route. An extra stop would have meant an increase in pay for Hampton. Nevertheless, when Hampton learned of it, he told LSX that he could not make the stop and make his other stops before closing time. Still, he represented to LSX that he would try to work it out with ENH Radiology. Afterwards, an administrator at ENH Radiology complained to LSX about Hampton's causing "a scene" in front of staff and patients. Hampton asserted that an individual at ENH Radiology failed to give him specific items at pick up and then complained to LSX when he complained to her about having to return to pick up these items. As a result of its unsatisfactory interactions with Hampton, ENH threatened to stop using LSX as its courier service.

Because of these problems, LSX decided to remove Hampton from the ENH route. LSX's operations manager, Tom Douglas ("Douglas"), informed Hampton that ENH was

---

[2]Hampton does not respond to LSX's or ENH's Local Rule 56.1(a)(3) statement of material facts. Therefore, those facts that are supported by the record are deemed admitted. *See* Local Rule 56.1(b)(3)(B) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party"); *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000).

[3]Hampton and Sherman worked previously for Veterans Messenger Service ("Veterans"), with which ENH had contracted for courier services. ENH switched to Larson Delivery Services ("Larson") in April, 1999. Hampton and Sherman were hired by Larson, but LSX acquired Larson shortly thereafter. Hampton had the same route assignment with LSX as he had with Veterans. Hampton testifies that Sherman received more stops on his route assignment with LSX than he had had with Veterans.

3

displeased with him and told him of its decision to remove him from ENH's route. LSX asserts that Douglas told Hampton he would be given another route when a suitable one could be found, but in the meantime the only work available was "on demand." This meant that Hampton would not have a guaranteed number of stops with certain compensation. Hampton testifies, however, that he was not offered on-demand work. Although Hampton admits that Douglas never said he was fired, Hampton maintains that he was told to turn in his beeper and uniform, which he interprets as being fired. After Hampton left LSX, the ENH route was assigned to a non-African American, who was paid $1,111 every two weeks.

## DISCUSSION

### A. LSX's Motion for Summary Judgment on Count I

Hampton alleges that LSX subjected him to unequal terms and conditions of employment and discharged him because of his race in violation of Title VII and section 1981. Because the record contains no evidence of discrimination under the direct method of proof, *see, e.g., Plair* v. *E.J. Brach & Sons, Inc.*, 105 F.3d 343, 347 (7th Cir. 1997), *Huff* v. *UARCO, Inc.*, 122 F.3d 374, 379 (7th Cir. 1997), citing *Troupe* v. *May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) ("Under the direct proof method, plaintiff must show either an acknowledgment of discriminatory intent by the defendant or its agents, or circumstantial evidence that provides the basis for an inference of intentional discrimination"), the court examines the case under the indirect method of proof set out in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802 (1973). See *Pilditch* v. *Bd. of Educ. of City of Chicago*, 3 F.3d 1113, 1116 (7th Cir. 1993) (applying burden-shifting method in race discrimination case under section 1981).

4

Under the indirect method of proof, Hampton bears the initial burden of establishing a *prima facie* case. Hampton must show that he (1) was a member of a protected class, (2) was performing according to LSX's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly-situated employees not in his protected class. *See, e.g., Plair*, 105 F.3d at 347. If Hampton establishes a *prima facie* case, then the burden shifts to LSX to articulate a legitimate, non-discriminatory reason for its decision. *Id.* at 348. If LSX establishes this burden, then the burden shifts back to Hampton to prove that LSX's reason is only a pretext for discrimination. *Id.*

LSX agrees that Hampton was a member of a protected class but contends that he cannot establish any of the remaining elements of his *prima facie* case. With respect to the third factor, contrary to LSX's position, there is at least a question of fact concerning whether LSX's placing Hampton on "on-demand" status was an adverse employment action. Although LSX maintains that on-demand work "had the potential" of generating equal pay, it also had the potential of generating less pay. More importantly, Hampton maintains that he was fired, not reassigned. Because the facts are to be construed in a light most favorable to Hampton, the court finds that Hampton suffered an adverse employment action.

But because Hampton has not responded to LSX's motion, the only evidence of the second element, that Hampton was meeting LSX's legitimate expectations, are Hampton's protestations found in his deposition testimony. These protestations, without more, are self-serving assertions and, thus, and are not evidence. *Accord Slowiak* v. *Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993), quoting *Karazanos* v. *Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337 (7th Cir. 1991).("[S]elf-serving affidavits without factual support in the record will not

5

defeat a motion for summary judgment. . . . '[A] plaintiff's speculation is not a sufficient defense to a summary judgment motion'"). Therefore, there is no evidence that Hampton was meeting LSX's legitimate expectations.

Even if that factor is overlooked, Hampton cannot prevail because he has not shown that, under the fourth factor, a non-African-American was treated better in comparable circumstances. There is no evidence before the court that LSX failed to terminate white couriers despite complaints against them or any other evidence of unequal treatment from which a trier of fact might reasonably infer that race discrimination was at work. For these reasons, no genuine issue of material fact exists regarding whether LSX treated Hampton less favorably than similarly-situated non-African American employees.

Finally, and again because Hampton has not responded to the motion for summary judgment, there is no basis in the record for a finding that LSX's articulated reason for taking Hampton off the ENH route – that ENH had threatened to fire LSX because of dissatisfaction with Hampton – was pretextual, that is, not the true reason for what it did. Hampton has no evidence to dispute that this occurred (indeed, he conceded it during his deposition). LSX had a right to respond to ENH's threat even if Hampton was performing adequately and ENH's viewpoint was unreasonable. *Ghosh* v. *Indiana Dep't of Envtl. Mgmt.*, 192 F.3d 1087, 1093 (7th Cir. 1999) ("this court does not sit as a 'super-personnel department' to review a company's honest business decisions"). Accordingly, LSX's motion for summary judgment on Count I will be granted.

6

## B.   ENH's Motion for Summary Judgment on Counts II and III

### 1.   *The aider and abettor liability claim under Count II*

ENH argues first that Hampton has no Title VII and section 1981 claim against it because it was not Hampton's employer. Nevertheless, ENH acknowledges that the law is unsettled whether a non-employer may be liable under an aiding and abetting theory where its discriminatory conduct interferes with the plaintiff's employment relationship, *Alexander* v. *Rush N. Shore Med. Ctr.*, 101 F.3d 487, 493 n.2 (7th Cir. 1996) ("we continue to leave open the question that went unanswered in *Shrock* [v. *Altru Nurses Registry*, 810 F.2d 658, 660 (7th Cir. 1987)]--*i.e.*, whether an employee of employer *X* may bring a Title VII action against employer *Y* when *Y* is not his employer, but merely someone whose discriminatory conduct interferes with his employment with employer *X*"), *see, e.g., E.E.O.C.* v. *Foster Wheeler Constructors, Inc.*, No. 98 C 1601, 1999 WL 515524, at *10 (N.D. Ill. July 14, 1999) (holding that such a claim exists),[4] but argues that those cases are limited to situations in which the non-employer directly or indirectly controlled the plaintiff's employment relationship. *See E.E.O.C.* v. *State of Illinois*, 69 F.3d 167, 169 (7th Cir. 1995) ("The [Title VII] cases in question are ones in which the defendant so far controlled the plaintiff's employment relationship that it was appropriate to regard the defendant as the de facto or indirect employer of the plaintiff . . . .").

There is no evidence here that ENH controlled Hampton's employment. ENH may arguably still be liable, however, if there is evidence that it interfered with Hampton's

---

[4]There is no case directly on point regarding whether Hampton may assert a section 1981 claim against ENH for aider and abettor liability. But, there is some support. *See Valle et al.* v. *Stengal et al.*, 176 F.2d 697, 700-02 (3d Cir. 1949) (holding borough's chief of police liable for aiding and abetting park managers where subordinate police officers assisted managers in denying the plaintiffs admission to pool, ejecting them from the park, and assaulting and falsely imprisoning them).

7

employment relationship with LSX for discriminatory reasons. *Cf. Vakharia* v. *Swedish Covenant Hosp.*, 765 F. Supp. 461, 463 (N.D. Ill. 1991), citing, *inter alia*, Sibley Memorial Hosp. v. *Wilson*, 488 F.2d 1338 (D.C. Cir. 1973) ( Title VII "claims that a defendant interfered with the plaintiff's employment opportunities with third parties have been allowed where the defendant controls the access to these opportunities"); *Pelech* v *Klaff-Joss, LP*, 815 F. Supp. 260, 263 n.3 (N.D. Ill. 1993) (following *Vakharia* in case where employee of security firm providing elevator service for building alleged sex discrimination by building's management firm and cleaning services firm).

Hampton alleges that ENH (a) scheduled his route in such a way that it was difficult for him to complete it in a timely manner; (b) failed to give him specific items at pick up and then complained to LSX when he complained about having to return for these items; (c) assisted in his termination; and (d) worked with two white couriers who performed his ENH route. (Am. Compl. ¶12.) Because Hampton has not opposed ENH's Local Rule 56.1 statement of material facts, he has not supported his allegations with evidence, either of the events or of a discriminatory motive.[5]

Accordingly, ENH's motion for summary judgment on Count II will be granted.

2. *The tort claim under Count III*

ENH requests that this court reach the merits of Hampton's state law claim of intentional interference of prospective economic advantage pursuant to 28 U.S.C. § 1367. The court, however, declines to exercise supplemental jurisdiction over the remaining state law claim. *See*

---

[5]Hampton testified that ENH determined his route and that ENH could have spoken up when LSX allegedly terminated him. This testimony is not evidence. Instead, it is merely self-serving statements which will not defeat summary judgment. *Slowiak*, 987 F.2d at 1295 (7th Cir. 1993), quoting *Karazanos*, 948 F.2d at 337.

28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court dismissed all claims over which it has original jurisdiction."); *Grace* v. *Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). As such, the court will dismiss Count III without prejudice for lack of jurisdiction.

### ORDER

The motion of LSX for summary judgment on Count I is granted [#56]. The motion of ENH for summary judgment on Count II is granted [#50]. Count III is dismissed without prejudice for lack of federal jurisdiction. The case is terminated.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: October 22, 2002